(Judge Crow of the 3rd circuit sitting in place of Judge Powell.)

## STATE EX REL. MANSFIELD v. CLIFTON SIPES, AUD.

STATUTORY REGULATION AS TO SALARIES OF COMMON PLEAS JUDGES BASED UPON POPULATION BECAUSE LITIGATION IS IN PROPORTION TO POPULATION—REGARD MAY BE HAD FOR CONSIDERATION OF INJUSTICE IN CONSTRUING A STATUTE WHICH IS AMBIGUOUS.

A judge of the court of common pleas in a judicial subdivision containing more than one county, whose term of office began before the adoption of the present code, is entitled under R. S. 1284a (Gen. Code 2252), to extra compensation calculated on the basis of the population of the subdivision, rather than on the basis of the population of the county where he happens to reside.

[Syllabus by the court.]

MANDAMUS.

*Edwin Mansfield*, for relator.

*J. C. Williamson*, Pros. Atty., for respondent.

## VOORHEES, J.

The relator, Edwin Mansfield, represents to this court that on November 6, 1906, he was elected judge of the court of common pleas in and for the second subdivision of the sixth judicial district of the state of Ohio, for the term of six years from February 9, 1907; and that he duly qualified and entered upon his duties as such judge and has ever since said date, and now is one of the judges of the court of common pleas, of said subdivision and district.

State v. Sipes.

That the defendant, Clifton Sipes, is now and at the time of the grievance hereinafter recited was the duly elected, qualified and acting auditor of the county of Morrow and state of Ohio.

That said second subdivision of said judicial district at the time of relator's election and qualification as such judge, as aforesaid, was and now is composed of the following counties in said state of Ohio, to wit: Ashland, Richland and Morrow.

That said counties by the last federal census preceding the election and qualification of relator, to wit, the census of 1900, had the following population, to wit:

Ashland county ...........21,184
Richland county ..........44,289
Morrow county ...........17,879

Total ................83,352

That said relator at the time of his election and qualification as aforesaid, was and now is a resident of said Richland county. At the time of relator's election and qualification as such judge the statutes of Ohio then in force, R. S. 1284 (Gen. Code 2248), fixed the salary of common pleas judges each at $3,000. R. S. 1284a (Gen. Code 2252) provided that each judge of the court of common pleas shall receive in addition to the salary allowed by R. S. 1284, as annual salary, equal to $16 per thousand for each one thousand population of the county in which he resided at the time of his election or appointment, as ascertained by the federal census next preceding his assuming the duties of his office, payable quarterly out of the treasury of the county of which he is a resident as aforesaid, if said county is a separate judicial subdivision, upon the warrant of the county auditor of said county, or if he resides in a judicial subdivision comprising more than one county, out of the treasuries of the several counties comprising said judicial subdivision, in proportion to the population of the several counties of said judicial subdivision, ascertained as aforesaid upon the warrant of the county auditor of said counties.

That on November 9, 1910, there was due to your relator,

as judge of said court of common pleas in and for said sub-division from the county of Morrow, the sum of $68, for the quarter ending on November 9, 1910; that your relator has made a demand upon said defendant for said sum of $68 for the payment of the same, but the defendant has neglected and re-fused to issue his warrant to your relator in payment of the same.

Whereupon your relator prays that a writ of mandamus commanding the said auditor of Morrow county to issue a voucher to relator for said sum of $68 and interest from No-vember 9, 1910, and commanding said Clifton Sipes, the auditor aforesaid, to deliver his warrant on the treasurer of Morrow county in favor of relator for said amount.

The prosecuting attorney of said Morrow county demurred to said petition on the ground that the petition does not state facts sufficient to constitute a cause of action.

The cause was submitted to this court at its May term, 1911, upon the petition and the demurrer thereto.

A solution of this question involves a construction and inter-pretation of the sections of the statutes referred to, being R. S. 1284 and 1284a, the terms of which are substantially set forth in the petition. Although R. S. 1284a has been changed somewhat in its language, form and punctuation by Gen. Code 2252, but it does not materially affect the question we have here, as the relator's term of office began before the adoption of the code, but it may be useful, as reflecting the legislative intent, to notice Gen. Code 2252. It will be observed that the section last named is logically divisible into two parts, the first making provision for the additional salary of common pleas judges where the county of his residence comprises an entire sub-division of a district; the second where the county of his resi-dence is one of two or more counties comprising a subdivision.

The statute provides that each judge shall receive an an-nual salary equal to $16 for each one thousand population of the county in which he resided when elected or appointed, if in a separate judicial subdivision.

In the latter clause it provides that if he resides in a ju-dicial subdivision comprising more than one county such salary

State v. Sipes.

shall be paid from the treasuries of the several counties of the subdivision in proportion to such population thereof.

Where the subdivision comprises but a single county the statute has specifically fixed the basis of the judge's salary at $16 per thousand inhabitants. Where the subdivision comprises more than one county the statute is silent as to the basis of the salary, providing only for division of the same proportionately among the counties; hence the basis for fixing the salary is left to the intendment of the statute.

In fixing the salary in the former case, the legislature has chosen the population of the county as the equitable basis, on the theory that the more people in the subdivision the more labor would be required. Hence, in fixing the salary for the latter class, the rational deduction would be that the population of the subdivision would be the proper basis.

This basis of fixing salaries in the second class of subdivisions gives to all the judges in a subdivision (who are supposed to apportion the work equitably between them) the same salary and follows the distinction made by the legislature between populous and sparsely settled subdivisions.

There are certain facts, circumstances and conditions concerning the work and compensation of the common pleas judges in the state, and the various judicial subdivisions, that courts should and can of right take judicial notice of in considering a question of construction such as we have here. It may be assumed that:

The amount of labor of common pleas judges is in proportion to the population of the counties or subdivisions of the district over which the judges have jurisdiction, and that the amount of litigation bears a reasonable proportion to the population of the county or subdivision in which the judge resides. This fact furnished a reason for the statute creating the difference in the amount of compensation of common pleas judges.

It is also judicially known that the population of the counties composing a judicial subdivision are not always equal, and the judge of the common pleas court is not exclusively a judge in the county where he may reside. He is a judge for the

Morrow County.

whole district, for that matter, and by R. S. 648 (Gen. Code 1853), the work of the district shall be divided and apportioned among the judges as nearly as practicable. As heretofore observed, judicial districts of the state and the subdivisions therein are not all equal in population or in the volume of business to be transacted, or that is expected to come before the court. A judge of a district or subdivision is subject to be assigned, or may be required to hold court in any county in the subdivision or district.

Now, that being so, is it, or would it be fair, just or reasonable that a judge residing in a small county should be required to serve in a county in his district or subdivision where the volume of business is much larger and requires more time in the discharge thereof, than in his own county? Yet when the state comes to pay him, his compensation is to be measured by the population of his county, while his more fortunate associates who reside in the more populous county, who are not required or expected to do any more work than he does, receives several hundred dollars more compensation.

It may be urged in answer to this unjust interpretation of the law that it is an argument that should be addressed to the legislature and not to the court. That is doubtless true as an abstract legal proposition, as it is the province of courts to simply construe and enforce, but not to make a statute. Considerations of injustice, inconvenience and absurdity must be addressed to the legislature, and if the legislative intent is clear it must prevail; but where it is ambiguous and susceptible of two constructions the courts will give that construction which best comports with principles of reason, justice and convenience.

Now, we know from experience and from the history of the practice in the state, under this statute, that in many subdivisions and districts, the practice is to compute the extra compensation of the common pleas judges on the basis of the population of the subdivision and not the county where the judge may reside. This being true, it shows that this statute is not clear in its terms and the legislative intent is subject to two constructions; therefore, the courts should give the statute that construction which best comports with the principles of

State v. Sipes.

reason and justice. It is presumed that the legislature intended the law to operate justly.

It may be urged that the construction that has been given in some of the subdivisions as to the interpretation of the statute as to the population of a subdivision being the basis of the extra compensation rather than the county where the judge resides, is not binding on this court, yet it is strongly persuasive, especially when it seems so manifestly just that such construction should be considered as the legislative intent.

Therefore, we hold that the relator is entitled to have a writ of mandamus issued in this case as prayed for in his petition.

The principle and rule of construction contended for in this opinion finds support in many decisions of the Supreme Court of the United States, as shown by 11 Enc. U. S. Sup. Ct. Rep. 151, Subd. 11, and authorities cited in notes 97, 98 and 99; as well as the Supreme Court of our own state; among the latter may be cited, *Moore* v. *Given,* 39 Ohio St. 661; *Kearny* v. *Buttles,* 1 Ohio St. 365; *Babbett* v. *Morgan,* 31 Ohio St. 285, and cases outside of our state cited in the opinion of *State* v. *Brewster,* 39 Ohio St. 658.

The demurrer to the petition in this case is overruled and the writ of mandamus ordered to be issued as aforesaid, exceptions.

**Shields, J.,** concurs.

**Crow, J.,** dissents.